# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | §   CASE NUMBER 1:96-CR-00054-1-MJT |
| | § |
| | § |
| MASONTAE HICKMAN | § |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pending before the undersigned is a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (doc. #730) filed by the Defendant, Masontae Hickman.[1] The United States filed a response to the Defendant's motion. (Doc. #740.) The Defendant also filed a reply to the Government's response. (Doc. #742.) After reviewing all applicable facts and law, the undersigned recommends that the Defendant's motion be denied.

## I.   ISSUES PRESENTED

Hickman is currently serving a sentence for multiple violations of 18 U.S.C. § 1951 (Interference with Commerce by Threat of Violence) and 18 U.S.C. § 924(c) (Possession of a Firearm During the Course of a Violent Crime). (Doc. #589.) The Defendant's original sentence imposed in 1997 was for the statutory maximum term for each count with all counts ordered to run consecutively resulting in a sentence of 3,180 months (265 years). (Docs. #370, #372.) However, in 2014, his sentence was later revised by agreement[2] in an Amended Judgment to 480

---

[1] This motion is referred to the undersigned United States magistrate judge for review, hearing if necessary, and submission of a report with recommended findings of fact and conclusions of law. 28 U.S.C. § 636(b)(1)(B); E.D. TEX. LOCAL R. CR-59(a).

[2] This agreement was a result of Hickman filing a Section 2255 motion on June 24, 2013, claiming that his 3,180-month sentence violated the Eighth Amendment's prohibition on cruel and unusual punishment based on the Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460 (2012). (Doc. #585); *Hickman v. United States*, No. 1:13-cv-423 (E.D. Tex. 2013), ECF No. 1. The United States agreed that Hickman was entitled to another sentencing hearing under the reasoning of *Miller*. *Id.*

1

months (40 years): 180 months (15 years) for each of the robbery counts (Counts 4, 6, 8, 10, 12, 14, 16) to run concurrently; 60 months (5 years) as to the first firearm violation (Count 5) to run consecutively; and 240 months (20 years) as to the second firearm violation (Count 7) to run consecutively.  (Docs. #582, #589.)  This amended sentence was a result of an agreed upon sentence between the Defendant and the Government, which implemented a downward variance from the guidelines in consideration of the section 3553 factors, including the Defendant's young age (16 years) and the sentencing disparity among his co-defendants.  (Docs. #585, #588, #589.)  His current release date is July 10, 2029.  (Docs. #730, at 3; #740, at 21.)

The Defendant argues that he should receive compassionate release due to him serving an "unusually long sentence" because of a change in the law now giving him a disparate sentence. (Doc. #730.)  He also asserts "other reasons," including his age and rehabilitation efforts.  (*Id.*)

The Government responds stating that the Defendant's arguments lack merit and do not rise to the level of extraordinary and compelling circumstances noting that he already received a reduced sentence in 2014 and the very same reasons were considered by the court in making that reduction in his sentence.  (Doc. #740.)  In addition, the Government asserts that the 3553 factors weigh against compassionate release.  (*Id.*)

## II.   LEGAL STANDARD

Section 3582(c)(1)(A) "authorize[s] a sentence reduction where: (1) 'extraordinary and compelling reasons warrant such a reduction,' (2) 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,' and (3) such a reduction is appropriate 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *United States v. Shkambi*, 993 F.3d 388, 389 (5th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

Before seeking relief from the court, a defendant must first submit a request to the facility's warden where he is housed to move for compassionate release on his behalf and then either exhaust his administrative remedies or wait 30 days from the warden's receipt of his request. 18 U.S.C. § 3582(c)(1)(A); *United States v. Franco*, 973 F.3d 465, 467 (5th Cir. 2020). Here, the Government does not dispute that Hickman has met this requirement. Neither does this court.

Section 3582(c)(1)(A) does not define the "extraordinary and compelling reasons" that may merit compassionate release. The Sentencing Commission, however, has the authority to "promulgate general policy statements … that describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." *United States v. Williams*, No. 3:18-CR-0291-B-2, 2021 WL 1865005, at *2 (N.D. Tex. May 10, 2021) (quoting *Shkambi*, 993 F.3d at 391). Since the Defendant's filed motions, on November 1, 2023, the Sentencing Commission issued an amended policy statement, U.S.S.G. § 1B1.13, setting forth the circumstances that are considered "extraordinary and compelling reasons." These include the defendant's medical circumstances, old age, family circumstances, whether the defendant is a victim of abuse, "other reasons," and whether he is serving an unusually long sentence. *See* U.S.S.G. § 1B1.13(b). As of November 1, 2023, policy statement 1B1.13 applies to motions filed by the Director of the BOP and motions filed by the defendant himself. U.S.S.G. § 1B1.13(a). Therefore, the Defendant must meet one of these circumstances. Here, he argues for release due to the last two circumstances—his unusually long sentence based upon a change in the law and other reasons.

### III.     ANALYSIS

#### A.  *Exhaustion of Administrative Remedies*

As stated above, a request for compassionate relief must first be presented to the BOP for consideration. After 30 days have passed or the defendant has exhausted all administrative rights to appeal the BOP's failure to move on his behalf, a defendant may ask a court for a sentence reduction under section 3582(c)(1)(A). Here, the Government does not contest that the Defendant made a request to the warden at the Federal Correctional Institution where he was housed, and the warden denied his request. Hickman provided documentation of the warden's denial of his request. (Doc. #730-11.) Therefore, the Defendant has satisfied his administrative exhaustion requirement.

#### B.  *Extraordinary and Compelling*

##### 1.     **Unusually Long Sentence**

Hickman alleges that he should be granted compassionate release due to a nonretroactive change in the statutory sentencing minimums applicable to his offense implemented under the First Step Act of 2018. He asserts that if he were sentenced today, he would receive two consecutive five-year sentences for his two 924(c) convictions, totaling 10 years instead of the consecutive 5 years plus 20 years he received in his 2014 Amended Judgment creating a gross disparity of 15 years. (Doc. #730, at 12-13.) Hickman has served almost 30 years in prison now and is 46 years old.

The Government argues that this change in the law is not an extraordinary and compelling reason for his compassionate release and would instead be an end run around Congress' intent that the relief it provides is not retroactive and only applies to those defendants who had not been sentenced as of December 21, 2018. (Doc. #740.) They argue that the

4

Sentencing Commission exceeded its congressionally delegated authority in promulgating policy statement 1B1.13(b)(6), and it should be held invalid. (Doc. #740, at 12-19,) They further assert that even if it were valid, Hickman does not meet the requirements.

Last year, prior to the enactment of this amended policy statement, the Fifth Circuit issued an opinion on this issue and found that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion." *United States v. McMaryion*, 64 F.4th 257, 259-260 (5th Cir. 2023); *but see United States v. Cooper*, 996 F.3d 283, 286, 289 (5th Cir. 2021) (instructing the district court to consider on remand whether "the nonretroactive sentencing changes to his § 924(c) convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence"). The *McMaryion* opinion was later withdrawn, after the policy statement was enacted, and an unpublished opinion was issued in its place again stating that "a prisoner may not leverage non-retroactive changes in criminal law to support a compassionate release motion, because such changes are neither extraordinary nor compelling." *United States v. McMaryion*, No. 21-50450, 2023 WL 4118015, at 2 (5th Cir. June 22, 2023). This case did not discuss the new policy statement because it had not yet been enacted.

The circuit courts of appeals that addressed this issue prior to the amended policy statement are split. The Fifth Circuit, in *McMaryion*, joins the Third, Sixth, Seventh, Eighth, and District of Columbia Circuits on this issue. *See United States v. Andrews*, 12 F.4th 255, 260–62 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022) (holding that non-retroactive changes in law are not permissible considerations); *United States v. McCall*, 56 F.4th 1048, 1061 (6th Cir. 2022) (en banc) (same); *United States v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (same); *United States v. Crandall*, 25 F.4th 582, 585–86 (8th Cir. 2022) (same); *United States v. Jenkins*, 50 F.4th 1185,

5

1198, 1198 (D.C. Cir. 2022) (same).  However, the First, Fourth, Ninth and Tenth Circuits concluded that district courts have the discretion to consider non-retroactive sentencing changes on a case-by-case basis as one of several factors constituting extraordinary and compelling reasons for a reduction in sentence.  *United States v. Ruvalcaba*, 26 F.4th 14, 16, 26–28 (1st Cir. 2022) (holding that non-retroactive changes in sentencing law may be considered in light of a defendant's particular circumstances); *United States v. McCoy*, 981 F.3d 271, 286–88 (4th Cir. 2020) (same); *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022) (same); *United States v. McGee*, 992 F.3d 1035, 1047–48 (10th Cir. 2021) (same).

As stated above in the legal standard section, the United States Sentencing Commission finally made its amendments to the sentencing guidelines with an effective date of November 1, 2023, which modified the policy statement U.S.S.G. § 1B1.13.  Section 3582(c)(1)(A) regarding compassionate release dictates that courts may only reduce a sentence if it is consistent with the applicable policy statements issued by the Sentencing Commission.  Congress delegated to the Sentencing Commission the task of "describ[ing] what should be considered extraordinary and compelling reasons, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).  Among other things, the amendment adds a section to U.S.S.G. § 1B1.13 for consideration of "unusually long sentences" as an extraordinary and compelling reason.  This new subsection (b)(6) permits non-retroactive changes in law (other than non-retroactive amendments to the Guidelines Manual) to be considered as extraordinary and compelling reasons warranting a sentence reduction, but only in narrowly circumscribed circumstances.  U.S.S.G. § 1B1.13 (b)(6).

Specifically, where (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law

6

has produced a gross disparity between the sentence being served and the sentence likely to be imposed *at the time the motion is filed*, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's "individualized circumstances." *Id.* The Commission made this amendment to specifically respond to the circuit court split discussed above and agrees with the circuits that authorize consideration of non-retroactive changes in the law as an extraordinary and compelling circumstance warranting a sentence reduction but narrowly limits this approach as outlined above.

### a. <u>Validity of Policy Statement 1B1.13(b)(6)</u>

The Government alleges that the Sentencing Commission exceeded its congressionally delegated authority in enacting the amended policy statement 1B1.13(b)(6) because it is contrary to the sentence reduction statute. They assert that allowing nonretroactive changes in the law as an extraordinary and compelling reason is not reasonable because there is a long-standing presumption against retroactive legislation. Moreover, the Government argues that Fifth Circuit case law has directly construed the phrase "extraordinary and compelling," and the Sentencing Commission does have the authority to override that construction of the statute.

Very recently, however, in *Martinez*, the Fifth Circuit stated, "[a]s for nonretroactive changes to criminal law pursuant to the First Step Act of 2018, *although our circuit has not authoritatively decided this issue*, we concluded in an unpublished opinion that such a non-retroactive change cannot warrant a reduced sentence pursuant to § 3582(c)(1)(A)(i)." *United States v. Martinez,* No. 23-50418, 2024 WL 658952, at *1 (5th Cir. Feb. 16, 2024) (citing *McMaryion*, 2023 WL 4118015, at *2) (emphasis added). The Fifth Circuit also acknowledged that "the Sentencing Commission amended the policy statement to provide that district courts 'may' consider changes in law as part of the 'extraordinary and compelling' reasons analysis, but

7

'only' after 'full[y] consider[ing]' the prisoner's 'individualized circumstances.'" *Martinez*, 2024 WL 658952, at *1 (citing U.S.S.G. § 1B1.13(b)(6)(a) (2023)). The court also suggested that the defendant may be able to file an additional motion for compassionate release based upon the amended policy statement and cited to a Fourth Circuit case that allowed successive compassionate release motions. *Id.* (citing *United States v. Bethea*, 54 F.4th 826, 833 n.2 (4th Cir. 2022) (noting "that § 3582(c) does not prevent prisoners from filing successive motions")).

In a district court case in this circuit, the court applied the new policy statement to a motion for compassionate release based upon an "unusually long sentence" even though the defendant's motion was filed prior to the amendment going into effect. *United States v. Riley*, No. CR 11-235, 2023 WL 8600496, at *7 (E.D. La. Dec. 12, 2023). The court ruled on the defendant's motion after the amendment became effective and granted the relief requested. *Id.* The court noted that these motions are inherently discretionary and other courts even applied the proposed amendment prior to it going into effect. *Id.* However, in another Louisiana district court case, the court declined to reach the Government's validity arguments, because the sentencing factors in 18 U.S.C. § 3553(a) weighed against compassionate release. *United States v. Allen*, No. CR 12-138, 2024 WL 640017, at *3 (E.D. La. Feb. 15, 2024).

Other federal courts outside this circuit have rejected the assertion that the Sentencing Commission lacked authority to enact USSG § 1B1.13(b)(6). *See United States v. Padgett, Jr.*, No. 5:06-cr-13, 2024 WL 676767, at *1 (N.D. Fla. Jan. 30, 2024) (holding that the amendment is valid); *United States v. Allen*, No. 1:09-cr-320, 2024 WL 631609, at *5 (N.D. Ga. Feb. 12, 2024) (concluding that the amendment was within the Sentencing Commission's power and presents no separation of powers issues); *United States v. Brown*, No. 2:95-cr-66(2), 2024 WL 409062, at *4–5 (S.D. Ohio Feb. 2, 2024) (same); *United States v. Martinez*, No. 2:01-CR-00564-TC, 2024

8

WL 866822, at *6 (D. Utah Feb. 29, 2024) ("Because enacting the amendment was within the Sentencing Commission's power, and Mr. Martinez satisfies the USSG § 1B1.13(b)(6) criteria, he is entitled to a sentence reduction."); *United States v. Henderson*, No. 4:08-CR-00187-AGF, 2024 WL 881253, at *9 (E.D. Mo. Feb. 23, 2024) ("Nothing in the statute's text prohibits the Commission from considering nonretroactive changes in the law as extraordinary and compelling reasons for a sentence reduction."); *but see United States v. Black*, No. 05 CR 70-4, 2024 WL 449940, at *12 (N.D. Ill. Feb. 6, 2024) ("As the Seventh Circuit has construed that statute, the amended U.S.S.G. § 1B1.13(b)(6) is not a reasonable reading of § 3582(c)(1)(A). Thus, the Court cannot defer to the Commission's interpretation of the statute under Chevron."); *United States v. Carter*, No. CR 07-374-1, 2024 WL 136777, at *5 (E.D. Pa. Jan. 12, 2024) (finding binding Third Circuit precedent forecloses relief via Section 1B1.13(b)(6) of the Sentencing Commission's revised policy statement); *United States v. Johnson*, No. CR 2:08-374, 2024 WL 964710, at *7 (W.D. Pa. Mar. 5, 2024) (same).

In this instance, the court declines to address the legal challenges raised to 1B1.13(b)(6) because those issues—as they pertain to this particular Defendant—are moot as discussed below.

### b. <u>Applicability of Policy Statement 1B1.13(b)(6)</u>

As stated above, U.S.S.G. § 1B1.13(b)(6) states that the Defendant must show (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least ten years of the sentence; and (c) an intervening change in the law has produced a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, the change in law can qualify as an extraordinary and compelling reason after the court has fully considered the defendant's "individualized circumstances."

In this case, Hickman has served almost 30 years of his 40-year sentence with another 4 years of good time accredited to him. The BOP lists his release date as July 10, 2029, leaving him with approximately 5 years left of his sentence. (Doc. 730, at 3.) There is no dispute that Hickman has served at least ten years of his sentence. Although there is no question that Hickman's original sentence of 265 years was "unusually long," that sentence is no longer in place and was amended in 2014 reducing his sentence from 265 years to 40 years.

Hickman argues that his 40-year (480 months) sentence is also an unusually long sentence. The Government states that his sentence, however, is unusually short compared to what a defendant would normally receive for a conviction on 7 counts of robbery and 7 counts of firearm possession under 924(c), and it is only because of his Amended Judgment in 2014 that he was given such a significantly shorter sentence. They assert that if Hickman were sentenced today on all of the original counts he was convicted of, he would receive a significantly longer sentence than 40 years—58 years to be exact. This includes 180 months on the robbery counts (same as the 2014 agreement) and 516 months on the firearm counts. (Doc. #740, at 22.) Because Hickman brandished a firearm in four counts, he would receive the minimum of seven years on those counts and the minimum of 5 years for the other three counts, all to run consecutively. Because of the 2014 agreed upon Amended Judgment, which took into consideration Hickman's youth and the severity of stacking all of the 924(c) counts, Hickman actually received a more favorable sentence. The Government agreed to a downward variance on the robbery counts and agreed to dismiss five of the firearm counts in light of the *Miller* case that found that a mandatory life sentence for juveniles constituted cruel and unusual punishment.

In his Reply, the Defendant argues that his sentence is unusually long in comparison to the federal prison population and even more so for prisoners his age. (Doc. #742.)

The court notes that Hickman's co-defendants received the following sentences: Limbrick 1020 months (5 counts); McCray 627 months (7 counts); Gasaway 387 months (5 counts); and Chopane 111 months (3 counts). (Doc. #585, at 6.) Moreover, his co-defendants were all convicted on fewer counts total. In comparison, Hickman was originally convicted on 14 counts and received only 480 months (as amended). Even after his amended judgment, he remained convicted on 9 counts. Although 40 years is a long sentence, the undersigned does not find that it is unusually long in this instance.

The change in the law that Hickman argues in his motion is an amendment to the First Step Act, which changes the way courts treat prior convictions under 18 U.S.C. § 924(c). Now, an enhancement for a prior conviction under 924(c) can only be implemented when the prior conviction occurred in a previous case, instead of in the same case involving the stacking of multiple counts of violations of 924(c) as was done in this case.

In his 1997 original sentence, Hickman received the mandatory statutory term of 5 years of imprisonment on Count 5 charging a violation of 18 U.S.C. § 924(c), which was then stacked with a term of imprisonment of 20 years each on Counts 7, 9, 11, 13, 15, 17 for violations of 18 U.S.C. § 924(c) as enhancements for already having a prior conviction under that statute. If sentenced at the time his motion was filed on these same counts, he would receive at least the mandatory minimum of 5 years on Counts 7, 13, and 15, and a minimum sentence of not less than 7 years for a firearm being brandished on Counts 5, 9[3], 11, and 17. *See* 18 U.S.C. § 924(c). This would total at least 516 months or 43 years. Of course, this is not a disparity when compared to his current sentence of 40 years.

---

[3] He could also receive not less than 10 years on Count 9 for a firearm being discharged during the Peking China Restaurant robbery, in which a victim was killed, and another was shot in an attempt to kill him and suffered debilitating bodily injury. (Doc. # 369.) The PSR also states that a firearm was discharged during the Catfish Cabin (Count 7) robbery and the AutoZone (Count 11) robbery. (*Id.*) Although Hickman did not discharge a firearm, he is charged with aiding and abetting his co-defendants who discharged a firearm during these robberies. (Doc. #260.)

However, if the court only considers the Amended Judgment, wherein there are just two 924(c) counts because the Government dismissed five counts to get around the statutory mandatory minimum penalties in order to reduce Hickman's sentence in 2014, then today Hickman would receive a minimum of 5 years on Count 5 and a minimum of 7 years on Count 7 (or quiet possibly 10 years for his codefendant discharging a firearm at Catfish Cabin busting a victim's car window out) giving him a total of 12 years (or 15 for discharging) compared to the 25 years he received for these two counts in the Amended Judgment. Thus, the court considers whether this 10–13-year difference is a "gross disparity." The undersigned is not convinced. As noted by the Government, although the changes to 924(c) did not exist yet in 2014 when Hickman received a reduction in sentence, the severity of the stacked 924(c) counts were certainly taken into consideration in reducing his sentence. By the Government dismissing five 924(c) counts, Hickman's sentence on the 924(c) counts was reduced by 100 years—from 125 years to 25 years. Therefore, the disparity in stacking these offenses has already been taken into account. Moreover, given the "individualized circumstances" presented with Hickman's prior reduction in sentence, the undersigned does not find that he meets the requirements for Section 1B1.13(b)(6).

    **2.**    **Other Reasons**

The Defendant also argues that he qualifies for compassionate release based upon section 1B1.13(b)(5) "other reasons" category due to his age, long sentence, and rehabilitation/personal growth while incarcerated. (Doc. #730, at 18-20.) This category asks the court to consider whether the defendant "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G.

1B1.13(b)(5). This section specifically excludes paragraph (6) which discusses "unusually long sentences" so that may not be a consideration for this section. Rehabilitation may be considered in combination with other circumstances but cannot, by itself, be an extraordinary and compelling reason. *Id.* at 1B1.13(d). The court further addresses this factor in the last section of this report.

With regard to Hickman's age, while there are no Fifth Circuit cases considering this as a compelling reason for compassionate release, there are district court cases that have considered this issue with varying results. Many of these cases have granted reductions in sentence where, in circumstances similar to Hickman, a statutory mandatory sentence of life imprisonment was imposed in a case involving a young offender. *See United States v. Lebaron,* No. CR H-92-177-05, 2023 WL 7308116, at *7 (S.D. Tex. Nov. 6, 2023) (citing a collection of cases from various jurisdictions where young violent offenders with a life sentence were given a sentence reduction). What all of these cases do not have in common with Hickman is they had not already received a sentence reduction of 225 years for the same exact reasons being alleged in their motion for compassionate release. While Hickman is correct that he is not barred from seeking relief under the compassionate relief statute, it is within the court's discretion to grant such relief. All of the reasons set forth in his current motion were previously considered by the court and the Government in reducing his sentence in 2014, and it was with great effort that the parties and the court came to an Amended Judgment in recognition of the compelling factors presented. Therefore, the court will not disturb the prior sentence reduction.

### C. Sentencing Factors

Notwithstanding all previous analysis, compassionate release should be denied because this court must consider all pertinent circumstances, including the Section 3553(a) factors and

possible danger to the community. *See United States v. Doe*, 833 F. App'x 366, 368 (3d Cir. 2020) (affirming the denial of compassionate release when the defendant presented medical risk, holding that the district court did not abuse its discretion in considering the nature of the offense, the defendant's history, and the status of the virus at the facility); *United States v. Bullock*, 833 F. App'x 934, 935 (3d Cir. 2021) (determining that the district court did not abuse its discretion in denying relief for medically vulnerable inmate upon considering the Section 3553(a) factors, including the substantial time remaining to be served, criminal history, and institutional infractions).

Compassionate release and/or a sentence reduction is not merited here after considering the applicable factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A) (requiring courts to consider the § 3553(a) factors before granting compassionate release); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020). Even when a prisoner has demonstrated an extraordinary and compelling reason under the compassionate-release statute, relief may still "be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)." *Chambliss*, 948 F.3d at 693; *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of

sentence and the sentencing range established for--(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Granting this motion would fail to provide just punishment for his offense and promote respect for the law. Hickman was convicted of 14 counts of violent crimes, including robbery and possession of a firearm in furtherance of those robberies. He was more involved than any other co-defendant in the numerous robberies and carried a firearm to all of them and held the victims of these crimes at gunpoint. After one of the victims died from a gunshot by a co-defendant and another victim was seriously injured, Hickman assisted in disposing of the firearm and then continued to commit more robberies. While Hickman's initial sentence, effectively a life sentence, was not "just" considering his age and the statutory minimums at the time, the court corrected that injustice in 2014 by reducing his sentence by 225 years giving him a 40-year sentence. The court amended his robbery counts to run concurrently and gave him a downward variance then dismissed five counts of 924(c). Considering the nature and seriousness of his offenses, the court finds that honoring that prior reduction in sentence and denying compassionate release "would 'provide just punishment for the offense' and 'afford adequate deterrence to criminal conduct.'" *Chambliss*, 948 F.3d at 693–94. This punishment also put Hickman within the same range of punishment as that received by his co-defendants thus accounting for the kinds of sentences available and the need to avoid unwarranted sentencing disparities among defendants convicted of similar conduct.

During his period of incarceration, the court recognizes that the Defendant has made rehabilitation efforts, including classes, and learning a trade. However, while the court may consider rehabilitation efforts, rehabilitation "is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3; *see United States v. Brooker*, 976 F.3d 228, 237–38 (2d Cir. 2020) (holding that there is a "statutory limit on what a court may consider to be extraordinary and compelling . . . [and] '[r]ehabilitation . . . alone shall not be considered an extraordinary and compelling reason.'" (quoting 28 U.S.C. § 994(t))); *United States v. Hudec*, No. CR 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) ("While the Court is permitted to consider post-sentencing rehabilitation in determining whether to grant an eligible defendant a sentence reduction, it is not authorized to grant a reduction based upon post-sentencing rehabilitation alone."). Further, the Government notes several disciplinary infractions by the Defendant while incarcerated including, assaulting a BOP staff member; possessing a hazardous tool; refusing orders and disposing of contraband; possession of gallons of an intoxicant; masturbating in view of female staff (among several other sexual misconduct violations); and writing a coded letter to family stating that he wanted to stab a fellow inmate who allegedly stole his property. (Doc. #740, at 26-27.)

Therefore, in consideration of the applicable factors, this court must deny the Defendant's motion. A second sentence reduction for Hickman would undermine the sentencing purposes of the statute.

## IV.     RECOMMENDATION

"[C]ompassionate release is discretionary, not mandatory." *Chambliss*, 948 F.3d at 693. In exercising its discretion, the court finds that no extraordinary and compelling reasons exist. Having determined that extraordinary and compelling reasons justifying release are not present

16

and considering all other applicable factors, the undersigned recommends that the court **DENY** the Defendant's motion for compassionate release (docs. #730).

## V. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. LOCAL R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 13th day of March, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE