IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v. § | CASE NUMBER 1:96-CR-54-1-MJT |
| § | JUDGE MICHAEL TRUNCALE |
| § | |
| § | |
| MASONTAE HICKMAN § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Defendant, Masontae Hickman, filed a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582. [Dkt. 730.] The Government filed a response. [Dkt. 740.] Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this motion was before United States Magistrate Judge Christine L. Stetson. Judge Stetson issued a report with recommended findings of fact and conclusions of law stating that Defendant's motion should be denied. [Dkt. 744.] Hickman filed objections to the report and recommendation. [Dkt. 747.]

The Court has considered Hickman's objections and conducted a *de novo* review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59. Hickman argues that he qualifies for compassionate release under policy statement 1B1.13(b)(6) because his amended sentence of 40 years is objectively unusually long and as compared to other federal offenders. He also argues that a 10–13-year difference is a gross disparity in sentencing given his rehabilitation and time already served. Hickman further argues that he qualifies for release under 1B1.13(b)(5) due to his youth at the time of the offense. Finally, Hickman argues that the 3553 factors weigh in favor of his release.

1

While the Court is sympathetic to Hickman and his having spent his entire adulthood in prison, it cannot ignore the "individualized circumstances" presented by this case as the Court is required to do under the new policy statement 1B1.13(b)(6).  This statement instructs a court, where there is a change in the law and the defendant is serving an unusually long sentence, to consider "in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a *gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed*, and after *full consideration of the defendant's individualized circumstances*."  U.S.S.G. § 1B1.13(b)(6).

As Judge Stetson discussed in her report, if Hickman were sentenced today based upon current law and the jury's conviction findings on 14 counts, he would actually receive a longer sentence of 58 years.  His 2014 Amended Judgment dismissed five of the seven 924(c) counts only because it was necessary in order to reduce his sentence to get around statutory requirements, and the Court took into consideration the precise arguments being made by Hickman in his current motion—his age and the severity of stacking the 924(c) sentences.

Further, even if the Court considered Hickman's sentence unusually long and found a gross disparity in his sentencing, his "individualized circumstances" and the 3553 factors must still be considered.  The fact that Hickman received a previous reduction in sentence for many of the same arguments being made in his current motion is an "individualized circumstance."  Also, while the Court applauds Hickman's rehabilitation efforts to date, the Court believes that completion of the remaining term of imprisonment appropriately reflects the seriousness of his offenses, deters future criminal conduct, and provides him needed structure for his continued rehabilitation.

Consequently, the Court OVERRULES Hickman's objections [dkt. 747] and ADOPTS the Report and Recommendation [dkt. 744].  Hickman's Motion for Compassionate Release [dkt. 730] is therefore DENIED.

**SIGNED this 28th day of March, 2024.**

                                          Michael J. Truncale
                                          United States District Judge